HERBERT W. BARBER *vs.* HERBERT W. BARBER, Town Treasurer, *et. al.*

MARCH 31, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Actions Against Towns.   Service of Process.*

As the statutes do not authorize service upon the town clerk for the purpose of enforcing a claim against a town, a town is not concluded by such service, and any judgment based on such service would be a nullity.

(2)  *Municipal Corporations.   Action by Person Against Himself in Representative Capacity.*

A collector of taxes cannot bring an action against himself as town treasurer to recover compensation for his services as collector.

(3)  *Town Treasurer Liable for Payment of Judgment.*

Under the statutes relative to actions to recover claims against towns, the primary liability to pay a judgment obtained in an action brought under the statute "against such treasurer" is imposed upon the town treasurer although the ultimate payment is to be made by the town, if necessary, by a special tax levied for the *reimbursement* of the treasurer.

(4)  *Action Against Town.   Town Treasurer.   Town Council.*

In an action against a town treasurer under the statute, he has complete control of the defence, without any authority over him by the town council.

(5)  *Town Treasurer.   Removal.   Town Council.*

A town treasurer is not removable even for cause, by a town council.

(6)  *Claims Against Town.   Town Council.   Appropriations.*

A town council has no jurisdiction to order the payment from the town's funds, either of an original claim or of the judgment thereon, until the tax-paying electors have made an appropriation therefor.   Whatever sum is so appropriated, it is the duty of the town treasurer to pay, and he is entitled to receive in reimbursement of a judgment paid by him, whether the same be sanctioned or repudiated by the town council.

ASSUMPSIT.   Certified to Supreme Court on agreed state-
ment of facts.

BLODGETT, J.   By the writ and declaration in this case the
plaintiff seeks to recover "in an action of the case in the nature
of assumpsit" the sum of $8,250.44, which he avers is due him
from the town of Warwick as compensation for his services
as collector of taxes therein for the year 1910.   The parties
defendant named in the writ are "Herbert W. Barber as Town
Treasurer of the Town of Warwick, a municipal corporation,
duly existing under the laws of said State, and located in the
County of Kent therein and said Town of Warwick."   The
officer's return on the writ is as follows:   "Kent, Sc.   At
Warwick in the county of Kent on this 19th day of December,
A. D. 1910, I have made service of the within writ as within
commanded by leaving a true and attested copy of the same with
Herbert W. Barber, Town Treasurer of the Town of Warwick,
and James T. Lockwood, Town Clerk of said Warwick, the said
defendants, in their hands and possession.   Michael B. Lynch,
Sheriff."

(1)      Inasmuch as the statute does not authorize service upon the
town clerk for the purpose of enforcing a claim against the
town, but provides for service of process on the town treasurer
only, it is evident that the town is not concluded by service
upon the town clerk and that any judgment based on such ser-
vice would be a nullity.   *Valcourt* v. *City of Providence*, 18
R. I. 160.   The provisions of Gen. Laws. 1909, cap. 46, § 12,
are as follows:   "Every person who shall have any money
due him from any town or city, or any claim or demand against
any town or city, for any matter, cause or thing whatsoever,
shall take the following method to obtain the same, to wit: .
Such person shall present to the town council of the town, or
to the city council of the city, a particular account of his claim,
debt, damages or demand, and how incurred or contracted;
which being done, in case just and due satisfaction is not made
him by the town or city treasurer of such town or city within
forty days after the presentment of such claim, debt, damages

or demand aforesaid, such person may commence his action against *such treasurer* for the recovery of the same."

The case must therefore be considered as if the only service made were upon the town treasurer and the counsel for Barber, town treasurer, appears so to have considered it by his pleas.

Inasmuch as certain questions raised are of public interest it is not inexpedient to consider the pleadings in the case at some length.

The declaration is in three counts, of which the first is as (2) follows: "For that at said Warwick on, to wit, the eighth day of November, A. D. 1909, the plaintiff was by the Town Council of said Warwick elected collector of taxes of said town of Warwick and the plaintiff accepted said office and took the engagement thereof prescribed by statute and gave the bond prescribed by statute, which bond was, at said Warwick, to wit, on the twenty-fourth day of January, A. D. 1910, accepted and approved by the town council of said Warwick; and thereafter, to wit, on the eleventh day of February, A. D. 1910, the plaintiff, being then and there town treasurer of said town, as well as collector of taxes thereof received from the town clerk of said town a warrant under the hand of said town clerk, commanding said plaintiff to proceed and collect the several sums of money expressed in the copy of the assessment of taxes to which said warrant was affixed, said taxes having theretofore been duly assessed by the assessors of taxes of said town of Warwick; and the plaintiff avers that he forthwith did proceed and execute the duties imposed on him as collector of taxes as aforesaid, and did collect the several sums of money in said assessment expressed of the persons and estates liable therefor, to the amount of, to wit, one hundred and sixty-five thousand and eight dollars and eighty-eight cents ($165, 008.88) and did pay over the sum so collected to Herbert W. Barber, town treasurer of said town of Warwick; and the plaintiff avers that he has not agreed with said town of Warwick for a less sum than five per cent. of the sum so collected by him; whereby and in consideration whereof said town of Warwick agreed and upon itself assumed to pay to the plaintiff five per cent. of the

sum so collected by him, to wit, the sum of eight thousand two hundred and fifty dollars and forty-four cents ($8,250.44) when thereunto duly requested. And the plaintiff avers that more than forty days before the commencement of this action, to wit, on the twenty-second day of August, A. D. 1910, he presented to said town council of said town of Warwick a particular account of his said claim, debt and demand, and how the same was contracted and incurred, and no just and due satisfaction has been made to him by the town treasurer of said town of Warwick or by said town."

To said first count the following plea is filed: "And the said defendant in the above entitled action comes and defends the wrong and injury, when, etc., mentioned in the first count in said declaration, and says that he or it did not undertake or promise, in manner and form as the said plaintiff has in said first count in his declaration thereof complained against said defendant, and of this he puts himself upon the country. Herbert W. Barber, Town Treasurer. By his attorney, Lester T. Murphy."

The second count is as follows: "And the plaintiff further complains of the defendants as in an action of debt, by virtue of the statute in such case made and provided: For that at said Warwick on, to wit, the eighth day of November, A. D. 1909, the plaintiff was by the town council of said Warwick elected collector of taxes of said town of Warwick, and the plaintiff accepted said office and took the engagement thereof prescribed by statute and gave the bond prescribed by statute, which bond was, at said Warwick, to wit, on the twenty-fourth day of January, A. D. 1910, accepted and approved by the town council of said Warwick; and thereafter, to wit, on the eleventh day of February, A. D. 1910, the plaintiff, being then and there town treasurer of said town, as well as collector of taxes thereof, received from the town clerk of said town a warrant under the hand of said town clerk, commanding said plaintiff to proceed and collect the several sums of money expressed in the copy of the assessment of taxes to which said warrant was affixed, said taxes having theretofore been duly assessed by the assessors

of taxes of said town of Warwick; and the plaintiff avers that he forthwith did proceed and execute the duties imposed on him as collector of taxes as aforesaid, and did collect the several sums of money in said assessment expressed of the persons and estates liable therefor to the amount of, to wit, one hundred and sixty-five thousand and eight dollars and eighty-eight cents ($165,008.88) and did pay over the sum so collected to Herbert W. Barber, town treasurer of said town of Warwick; and the plaintiff avers that he has not agreed with said town of Warwick for a less sum than five per cent. of the sum so collected by him; whereby and by force of the statute in such case made and provided, to wit, section 4 of chapter 62 of the General Laws of 1909 an action hath accrued to the plaintiff to demand and recover of the said town of Warwick five per cent. of the sum so collected by him, to wit, the sum of eight thousand two hundred and fifty dollars and forty-four cents ($8,250.44). And the plaintiff avers that more than forty days before the commencement of this action, to wit, on the twenty-second day of August, A. D. 1910, he presented to said town council of said town of Warwick a particular account of his said claim, debt and demand, and how the same was contracted and incurred, and no just and due satisfaction has been made to him by the town treasurer of said town of Warwick or by said town." And following is the plea thereto:

"And as to the second count in said declaration, the said defendant in the above entitled action comes and defends the wrong and injury, when, etc., mentioned in said second count in said declaration, and says that the defendant does not owe the said sum of money demanded, or any part thereof, in manner and form as the said plaintiff hath in said second count in his declaration thereof complained against him, and of this he puts himself upon the country.   Herbert W. Barber, town treasurer, By his attorney, Lester T. Murphy."

The third count is thus stated: "And the plaintiff further complains of the defendants as in an action of debt by virtue of the statute in such case made and provided:   For that at said Warwick, on, to wit, the eighth day of November, A. D. 1909,

the plaintiff was by the town council of said Warwick elected collector of taxes of said town of Warwick. And by said town council on said eighth day of November, A. D. 1909, it was voted that the salary of the collector of taxes be fixed at the sum of $600.00; and at a financial town meeting held in said Warwick on, to wit, the sixteenth day of November, A. D. 1909, it was voted to appropriate the sum of $600.00 for the salary of the collector of taxes; and thereafterwards, to wit, on the twenty-second day of November, A. D. 1909, the said plaintiff in writing made known to the town council of said Warwick, then and there in regular session, and to said town, that he declined to accept said sum of $600.00, as compensation for his services as collector of taxes and declined to agree with said town upon said sum as such compensation, and by said town council it was then and there voted that said communication be received and recorded, and thereafterwards the plaintiff took the engagement thereof prescribed by statute and gave the bond prescribed by statute, which bond was at said Warwick, to wit, on the twenty-fourth day of January, A. D. 1910, accepted and approved by the town council of said Warwick; and thereafter, to wit, on the eleventh day of February, A. D. 1910, the plaintiff, being then and there town treasurer of said town as well as collector of taxes thereof received from the town clerk of said town a warrant under the hand of said town clerk, commanding said plaintiff to proceed and collect the several sums of money expressed in the copy of the assessment of taxes to which said warrant was affixed, said taxes having theretofore been duly assessed by the assessors of taxes of said town of Warwick; and the plaintiff avers that he forthwith did proceed and execute the duties imposed on him as collector of taxes as aforesaid, and did collect the several sums of money in said assessment expressed of the persons and estates liable therefor, to the amount of, to wit, one hundred and sixty-five thousand and eight dollars and eighty-eight cents ($165,008.66) and did pay over the sum so collected to Herbert W. Barber, town treasurer of said town of Warwick; and the plaintiff avers that he has not agreed with said town of Warwick for a less sum than five

per cent. .of the sum so collected by him; whereby and by force of the statute in such case made and provided, to wit, section 4 of Chapter 62 of the General Laws of 1909, an action hath accrued to the plaintiff to demand and recover of the said town of Warwick five per cent. of the sum so collected by him, to wit, the sum of eight thousand two hundred and fifty dollars and forty-four cents ($8,250.44). And the plaintiff avers that more than forty days before the commencement of this action, to wit, on the twenty-second day of August, A. D. 1910, he presented to said town council of said town of Warwick a particular account of his said claim, debt and demand, and how the same was contracted and incurred and no just and due satisfaction has been made to him by the town treasurer of said town of Warwick or by said town.

"To the damage of the plaintiff fourteen thousand dollars ($14,000) as laid in his writ dated the seventeenth day of December, A. D. 1910," etc. And the plea thereto is the following:

"And as to the third count in said declaration, the said defendant in the above entitled action comes and defends the wrong and injury, when etc., mentioned in said third count in said declaration, and as to all of the said several supposed promises and undertakings in said declaration mentioned, except as to the sum of six hundred ($600) dollars, parcel of the said several sums of money mentioned in said third count of said declaration, *says* that he did not undertake or promise in manner and form as the said plaintiff in said third count in said declaration thereof complained against said defendant, and of this he puts himself upon the country. And as to the said sum of six hundred ($600) dollars, parcel of the said several sums of money in said third count of said declaration mentioned, the said defendant says that the said plaintiff ought not to have or maintain his aforesaid action thereof against the defendant, to recover any more or greater damages than the said sum of six hundred ($600) dollars, parcel of the said several sums of money in said third count of said declaration mentioned, in this behalf, because the defendant says, that after the making of the said several supposed promises and under-

takings in said third count mentioned, as to the said sum of six hundred ($600) dollars, parcel, etc., and before the commencement of this suit of this plaintiff against this defendant, the said defendant was ready and willing, and has always from the time of making the said several promises and undertakings in said third count in said declaration mentioned, as to the said sum of ($600) six hundred dollars, been ready to pay, and still is ready to pay to the said plaintiff the said sum of six hundred ($600) dollars; and the said defendant is now ready to bring said sum of six hundred ($600) dollars into court here ready to be paid to the said plaintiff, if he will accept it, and this the defendant is ready to verify:

"Wherefore he, said defendant, prays judgment if the said plaintiff ought to have or maintain his aforesaid action against said defendant to recover any more or greater damages than said sum of six hundred ($600) dollars. Herbert W. Barber, town treasurer, By his attorney, Lester T. Murphy."

From an examination of the foregoing it appears that in the plea to the first count Barber as town treasurer denies the liability therein asserted by Barber, tax collector. In the plea to the second count Barber as town treasurer avers that "the defendant does not owe the said sum of money demanded, or any part thereof, in manner and form as the said plaintiff (Barber as tax collector) hath in said second count in his declaration thereof complained against him." In the third count Barber as town treasurer admits a liability in the amount of $600 to Barber as tax collector, while denying all the other "several supposed promises and undertakings" in said count set forth.

It appears that the case has been certified to this court under the provisions of Gen. Laws, 1909, cap. 298, § 4, upon an agreed statement of facts between Barber plaintiff as tax collector, and Barber defendant, as town treasurer, as follows:

"The plaintiff, Herbert W. Barber, was upon the eighth day of November, A. D. 1909, duly elected collector of taxes of said town of Warwick by the town council of said town, and thereafter, to wit, upon the sixteenth day of November, A. D. 1909,

by the electors of said town qualified to vote upon any proposition for the expenditure of money and imposition of tax in the financial town meeting assembled, it was voted to appropriate for the salary of the collector of taxes for the ensuing year the sum of six hundred ($600) dollars, and in making appropriations for certain salaries said salaries were expressly declared to be in lieu of all fees which should be turned into the town treasury, but no such provision was made in regard to the salary of the collector of taxes.

"On the twenty-second day of November, A. D. 1909, the plaintiff presented to the town council of said town in regular session a communication in writing bearing the same date and signed by him of the following tenor, namely:

"'*To the Honorable Town Council of the Town of Warwick and to said Town of Warwick:*

The undersigned having been elected collector of taxes of said town hereby makes known to said town council and to said town that he declines to accept the sum specified by the vote of the financial town meeting of said town as compensation for his services as collector of taxes for the ensuing year, and refuses to agree with said town upon the sum so specified in said vote.

"'Very respectfully,

"'HERBERT W. BARBER.'

and thereupon when the said town council was in regular meeting assembled it was voted that the said communication from the plaintiff be received and recorded.

"The said Herbert W. Barber thereafter qualified by taking the oath of office and by presenting the bond required for the faithful discharge of the duties of his office, and by said town council on the twenty-fourth day of January, A. D. 1910, the bond so given by said plaintiff was accepted and approved.

"On the fourteenth day of February, A. D. 1910, one Robert T. Thurber, made application to said town council then in regular session assembled, to be appointed to the office of tax

collector and it was voted that the matter be laid upon the table.

"On the eleventh day of February, A. D. 1910, the plaintiff received from the town clerk of said town of Warwick his warrant, to which was affixed a copy of the assessment, said warrant directing the plaintiff as tax collector to proceed and collect the several sums of money expressed in said copy of said assessment of taxes, which had been theretofore duly assessed by the assessors of taxes of the town of Warwick, and the plaintiff as said collector of taxes proceeded to execute the duties imposed upon him and did collect the several sums of money in said assessment expressed of the persons and estates liable therefor to the amount of one hundred and sixty-five thousand and eight dollars and eighty-eight cents ($165,008.88) and paid over the sum so collected by him to said Herbert W. Barber as town treasurer of said town of Warwick.

"That on the 22nd day of August, A. D. 1910, the said plaintiff presented to the town council his claim for compensation, namely, five per cent. of the taxes then collected, to wit, one hundred and fifty-four thousand two hundred and thirty-two dollars and sixty cents ($154,232.60).

"That up to the twenty-third day of December, A. D. 1910, the taxes collected by the plaintiff amounted to one hundred and sixty-five thousand and eight dollars and eighty-eight cents ($165,008.88) and that five per cent. of said sum so collected is eight thousand two hundred and fifty dollars and forty-four cents ($8,250.44).

"That although more than forty days have elapsed since the presentation to the town council of the claim of the plaintiff no satisfaction has been made to the plaintiff by the town treasurer or by any other person of the sum so claimed by him or any part thereof."

"In the above entitled cause it is agreed that the following facts may be added to the agreed statement of facts heretofore filed.

"On the eighth day of November, A. D. 1909, the town council of the town of Warwick elected the plaintiff tax collector

for said town: said council then proceeded to the transaction of other matters of business and thereafter passed a vote which purported to fix the salary of said tax collector at the sum of six hundred dollars ($600.00); on the same day the said town council fixed by vote the salary of the town treasurer at twelve hundred ($1,200.00) dollars; in the preceding year the salary of the town treasurer had been one thousand ($1,000) dollars and .the salary of the collector of taxes eight hundred ($800) dollars; that thereafter on the sixteenth day of November, A. D. 1909, by the financial town meeting of said town of Warwick the sum of six hundred ($600) only was appropriated for the salary of the town treasurer; and said financial town meeting passed a vote purporting to fix the salary at said sum of six hundred ($600) dollars."

It is evident that the initial question is whether such an action by a plaintiff against himself can be maintained.

On the brief submitted by the counsel employed by Barber in his capacity as plaintiff it is stated that "in bringing the action by the plaintiff in his individual capacity against himself as town treasurer and against the town they have not overlooked the rule laid down in *Perkins* v. *Se Ipsam*, 11 R. I. 270, that the same person cannot be both plaintiff and defendant." In the opinion in that case it is said by Durfee, C. J. (p. 270): "This is an action of assumpsit to recover for services performed, and for care, provisions, and clothing furnished by the plaintiff to Jacob Perkins and his wife, during the lifetime of said Jacob. The plaintiff was administratrix on the estate of said Jacob, and commenced the action by service of the writ upon herself as such. She declared against herself as administratrix. The first plea is a plea in abatement. It was filed by Nathan M. Lockwood, and sets forth that he has been appointed administrator on the estate of said Jacobs, in place of the plaintiff, who has resigned. It prays that the writ may abate, because the plaintiff and the defendant named in the writ are the same person. The plaintiff demurs. Nathan M. Lockwood joins in the demurrer." . . . "The plaintiff, by way of justification, says the estate was represented insolvent, commissioners

were appointed, and her claim was submitted to them and by them rejected. The statute provides that any creditor, whose claim is wholly or in part rejected, may have the same determined at common law, in case he shall give notice thereof in writing in the office of the clerk of probate within forty days, and bring and prosecute his action within sixty days, after the report of the commissioners shall have been received. The plaintiff says she commenced the action against herself, because, if she had waited for the appointment of an administrator after the report was received, she would have lost her right of action under the statute by the delay. In this view, the case is a hard one. But it is not necessary for the plaintiff to delay resigning until the report was received. She might have resigned as soon as she knew the estate was insolvent, and she would have to submit her claim to the adjudication of commissioners. It is well for an administrator to resign when he finds the estate is insolvent, if he has a claim against it which is open to question; for, otherwise, he may be tempted to take advantage of his position, and favor himself at the expense of other creditors. We think the action cannot be maintained. The demurrer will therefore be overruled, and the plea in abatement sustained. Demurrer overruled."

(3)    In that case it was held, indeed, that, as administratrix, she had the right to retain sufficient assets to satisfy her claim against a solvent estate, but should resign her office of administratrix if she wishes to enforce by suit her claim against an insolvent estate. While not determining in this proceeding that a similar right of retainer exists on the part of the defendant Barber town treasurer as a public officer, we see no reason why the rule requiring a similar resignation of his said office before he can maintain this action in his individual capacity is not applicable. In the one case the ultimate payment is to be made by the estate, and in the other by the town. In each case also the defendant loses the right to compensation for future services by resigning his official or representative position, so that there may be no conflict between the enforcement of private right and the duty arising from his representative position

And it is to be noted that in *Perkins* v. *Se Ipsam, supra,* the plaintiff was held to be without remedy by reason of failure so to resign within the sixty days prescribed for the institution of her action.  In the case at bar there is no such short period of limitation and the case is within the ordinary provisions of the statutes of limitation.

In the above statement we have used language, to the effect that the ultimate payment is to be made by the town designedly.  The statutes of the state still seem to impose the primary liability to pay the judgment obtained in the action brought by the express terms of the language of Gen. Laws, 1909, cap. 46, § 12, supra, "against such treasurer" upon the town treasurer as is evidenced by an examination of the two sections of the same chapter immediately following:

"Sec. 13.  On judgment being obtained for such debt, damages or demand, in case said treasurer shall not have sufficient of the money of such town or city in his hands to satisfy and pay the judgment obtained and the charges expended in defending such suit, the said treasurer shall make application to any justice of the peace in such town or city, and thereupon the justice shall grant a warrant to the town sergeant of such town, requiring him to warn the electors of the town to hold a town meeting, at such time and place as shall be appointed, or to the mayor of such city requiring him to call a special meeting of the city council of such city, for the speedy ordering and making a tax, to be collected for the *reimbursement of said treasurer.*"

"Sec. 14.  In case said electors, or said city council, as the case may be, upon due warning given them, shall not take due and effectual care to *reimburse, pay* or *satisfy said treasurer* the money, costs and charges by *him* expended, or recovered against *him,* upon petition, in the nature of a petition in equity, by him or by the person recovering the judgment named in section thirteen of this chapter, made to the superior court at any time thereafter setting forth the facts, the court may order the assessors of said town or city to assess upon the ratable property thereof, and the collector to collect, a tax sufficient for the pay-

ment of said judgment, with all incidental costs and charges, and the expense of assessing and collecting such tax."

It will be observed that the tax there referred to is to be collected under section 13 "for the *reimbursement* of said treasurer" in case he "shall not have sufficient of the money of such town or city in his hands to satisfy and pay the judgment," and under section 14 there is no jurisdiction in the superior court to order a tax for the payment of the judgment until after and unless the electors of a town "upon due warning given them shall not take due and effectual care to reimburse, pay or satisfy the money costs and charges by him expended or recovered against him," etc. Language could hardly be more plain than that the town treasurer is to be *reimbursed* in the amount which he has thus expended, and it needs no argument to maintain that one cannot be reimbursed unless he has first paid out, and the language of the statute is equally significant in speaking of the judgment as recovered not against the town but as "recovered against *him.*"

In *Cornell Co.* v. *Barber*, 31 R. I. 358, at pages 367 and 368 of the majority opinion, and on pages 396 and 397 of the minority opinion, there may be found an historical account of the legislation of the colony and of the state in this respect to the present time. Ever since the enactment of the law of 1659 "that it shall be lawfull for any plaintiff against any towne in this Collony in any actionable case, to arrest the Towne Treasurer, who (beinge arrested) shall consult with the Towne or Towne Counsell, whether to compound or stand out the suite; and he shall demaund of the towne a rate to *repay* his charges and *disbursements,*" etc., it will be noticed that this provision for "*reimbursement*" has remained in the statute for a period now of more than two hundred and fifty years.

Nor is there any provision of the statute for an execution against the *town* for the collection of a claim of this nature. In criminal cases of neglect to keep highways and bridges in order, the statute is explicit. Thus, by Gen. Laws, 1909, cap. 83, §§ 11 and 20, it is provided: "Sec. 11. Every town which shall neglect to keep in good repair its highways and bridges

shall be fined not less than fifty dollars nor more than five hundred dollars, and execution shall issue therefor *against such town.*" . . .

"Sec. 20. If any town adjoining such bridge shall refuse or neglect to keep in good repair the part of such bridge within and next adjoining the line of such town, the town so neglecting or refusing shall be fined not less than twenty dollars nor more than one thousand dollars, and execution shall issue for the amount of said fine and costs *against the said town;* but nothing herein contained shall be construed as to impair any agreement made between any towns relative to the supporting and repairing of bridges."

So, a town treasurer is not included in the provisions of Gen. Laws. 1909, cap. 259, § 24: "Where an instrument contains or a person adds to his signature thereto words indicating that he contracts or signs in his representative capacity as trustee, executor, administrator, guardian, or conservator, he shall not be personally liable on the instrument, if he was duly authorized to make the same in his representative capacity; and action on the instrument shall be brought against such trustee, executor, administrator, guardian, or conservator in his representative capacity, or against his successor, and execution on any judgment obtained against him shall run only against the goods, chattels and real estate of the estate in the hands and possession of such trustee, executor, administrator, guardian, or conservator, or successor, and not against his own property and estate: Provided, that upon a suggestion of waste as provided in section twenty-seven, chapter three hundred eighteen a writ of scire facias may be sued out against him in the same manner provided in said section twenty-seven, chapter three hundred eighteen and the procedure thereon shall in all respects conform thereto." See also Gen. Laws, 1909, cap. 318, § 26.

In such a case as the present there is no provision authorizing the levying of an execution upon any town property, even though not then needed for public or town purposes, such as unoccupied real estate or other town property.

(4)     The foregoing considerations clearly show that while the ultimate liability is upon the town, the primary liability is upon the town treasurer, and that at least until the town has otherwise provided and directed he has complete control of the defence, assuming always no collusion with a claimant or other lack of *bona fides* on his part.   He determines what defences he will plead and how they shall be sustained; nor do we find any authority or jurisdiction over him in that behalf given by the statute to the town council.   He is not their appointee but must always be chosen by the electors of the town.   (Gen. Laws, 1909, cap. 49, §§ 1 and 13.)   Neither is he removable for cause by the town council, since his tenure of office is defined by section 19 of said cap. 49, as follows:  "All town officers shall hold their offices until the next annual election of town officers, and thereafter until their successors shall be lawfully qualified to act; unless where it is expressly provided to the contrary."   Nor has the town council jurisdiction to order the payment from the town's funds, either of the original claim or of the judgment, until the taxpaying electors have made an appropriation therefor.   Whatever sum is voted by the taxpaying electors therefor, it is his duty to pay and he is entitled to receive in "reimbursement" of a judgment paid by him whether the same be sanctioned or repudiated by the town council.

We are accordingly of the opinion that the present action cannot be maintained while the plaintiff is also the defendant primarily liable to satisfy the judgment and the order must be.

Case remitted to the Superior Court with direction to dismiss this action.

*Mumford, Huddy & Emerson,* for plaintiff.
*Charles C. Mumford,* of counsel.
*Lester T. Murphy,* for defendant.